**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SOLOMON KABORE, et al.,

        *Plaintiffs*,

    v.

GLOBAL INVESTMENT TRADING S.A.
d/b/a LIYEPLIMAL, et al.,

        *Defendants*.

Civil Action No. 22-4211

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiffs allegedly lost money investing in a Ponzi scheme. Plaintiffs now assert multiple claims against entities and individuals associated with the scheme. Currently pending before the Court are four motions to dismiss on various grounds filed by *pro se* Defendants Sandrine Fami-Etetmen, Marthe Angeline Ngo Bassomo Epse Bogmis, Nathalie Yakam, and Steve Arnold Djoumessi Nguekeng (the "Moving Defendants"). D.E. 8, 12, 13, 19. Multiple *pro se* Defendants also filed letters expressing their consent to join the motion filed by Fami-Etetmen.[1] D.E. 23-39, 41. Plaintiffs oppose the motions and Defendants' letters seeking to join Fami-Etetmen's motion. D.E. 15, 17-18, 21, 40. The Court reviewed the parties' submissions in support and in opposition,

---

[1] *Pro se* Defendant Fami-Etetmen filed her motion to dismiss on behalf of twenty-seven *pro se* Defendants. D.E. 8. Fami-Etetmen does not represent that she is an attorney, and a *pro se* litigant can only assert claims on his or her own behalf. Moreover, "a non-attorney may not represent other parties in federal court." *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018). Consequently, the Court construes Fami-Etetmen's motion as being individually filed, and not filed on behalf of any other Defendant.

and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motions are **GRANTED**.

## I.     BACKGROUND[2]

Defendant Global Investment Trading S.A. d/b/a Liyeplimal ("Liyeplimal") is a purported cryptocurrency trading firm based in Cameroon. Compl. ¶¶ 35, 159. Liyeplimal promoted itself as providing individuals with investment opportunities "through the purchase of 'investment packs.'" *Id.* ¶ 159. To invest, individuals were required to become registered members of the company, and membership was only possible by sponsoring another member. *Id.* ¶ 160. Plaintiffs allege, however, that "in reality Liyeplimal was nothing but a Ponzi scheme set up to enrich [Defendant] Simb Emile Parfait and those with whom he works." *Id.* ¶ 167.

Plaintiffs allege that around 2018, they learned about the alleged Liyeplimal investment opportunities through advertisements, text messages, social media, virtual seminars, other means, and word of mouth from Liyeplimal leaders, coaches, and executives. Plaintiffs continue that many of the leaders and coaches are in the United States. *Id.* ¶¶ 178, 180. Each Plaintiff was recruited by a Liyeplimal coach and invested in Liyeplimal. *Id.* ¶¶ 181, 201. Plaintiffs continue that by 2021 "it was apparent that Liyeplimal's program was a Ponzi scheme." *Id.* ¶ 204. Liyeplimal collapsed in or around December 2021. *Id.* ¶ 175.

---

[2] The Court takes the factual background from Plaintiffs' Complaint and the parties' affidavits submitted in connection with the motions. When deciding a motion to dismiss for improper venue, a court accepts all well-pleaded allegations regarding venue as true, "draws all reasonable inferences from those allegations in the plaintiffs' favor, and resolves any factual conflicts in the plaintiffs' favor." *Shah v. Centurum, Inc.*, No. 10-2015, 2011 WL 1527334, at *2 (D.N.J. Apr. 20, 2011) (internal punctuation omitted). A court, however, "may examine facts outside the complaint to determine whether venue is proper" and need not accept the plaintiffs' allegations if "they are contradicted by the defendant's affidavits." *Id.* (internal quotations omitted).

Plaintiffs filed their Complaint, alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933, and asserting claims under New Jersey RICO and the common law.  D.E. 1.  Plaintiffs, of which there are twenty, reside throughout the United States, Canada, and Cameroon.  *Id.* ¶¶ 15-34.  The Complaint names more than a hundred Defendants.  Two Defendants are entities based in Cameroon and the United Arab Emirates, and the remaining Defendants are individuals located worldwide.  *Id.* ¶¶ 35-158.  It appears that Plaintiffs have not served many Defendants, and no Defendant is represented by an attorney.

The Moving Defendants subsequently filed motions seeking to dismiss the case for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim. The motions raise substantially similar arguments.  D.E. 8, 12, 13, 19.  Accordingly, the Court considers them together.  Plaintiffs filed briefs in opposition to the motions.  D.E. 15, 17-18, 21.

## II.    ANALYSIS

The Moving Defendants contend that the Complaint must be dismissed because Plaintiffs brought suit in an improper venue.  *See, e.g.*, Fami-Etetmen Br. at 6-7.  Federal Civil Rule of Procedure 12(b)(3) permits a court to dismiss a matter that is filed in an improper venue.  Fed. R. Civ. P. 12(b)(3).  A district court has broad discretion in determining whether to dismiss or transfer a case due to improper venue.  *See Konica Minolta, Inc. v. ICR Co.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015).  Further, the "defendant[s]…bear the burden of showing improper venue."  *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).

Venue is ordinarily governed by 28 U.S.C. § 1391(b), the general venue statute.  Here, because Plaintiffs allege violations of the Exchange Act, venue is governed by 15 U.S.C. § 78aa. *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 644 (D.N.J. 2004).  This provision provides that a party may bring a civil claim under the Exchange Act "in any such district

or in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a). Courts construe this to mean that venue is proper in "(1) a district of which the defendant is an inhabitant, (2) a district in which the defendant is found, (3) a district in which the defendant transacts business, or (4) a district wherein any act or transaction constituting the alleged violation of the Securities Exchange Act occurred." *CIBC World Mkts., Inc.*, 309 F. Supp. 2d at 645. !

Plaintiffs maintain that a substantial portion of the wrongful conduct at issue took place and had an effect in New Jersey. Plaintiffs further argue that Defendants received compensation by doing business in and engaging in activities having an effect in New Jersey. *See, e.g.*, Fami-Etetmen Opp. at 7. Plaintiffs, however, fail to point to any allegations in the Complaint or provide further information to substantiate these arguments. Moreover, Plaintiffs' allegations in the Complaint are insufficient to establish that New Jersey is a proper venue under Section 78aa(a).

As noted, twenty Plaintiffs assert claims against more than a hundred Defendants. Two Defendants are foreign corporations "based" in Cameroon and the United Arab Emirates. Compl. ¶¶ 35-36. The remaining Defendants are individuals. *Id.* ¶¶ 37-158. No Plaintiff resides in New Jersey, and Plaintiffs allege that a single Defendant, Edouard Arsen Ouattara, is a resident of New Jersey.[3] *Id.* ¶ 66. Plaintiffs generally allege that all Defendants sold investment packs. *Id.* ¶¶ 202-03. But outside of the allegation that Outtara is a natural person who resides in New Jersey, Plaintiffs do not mention Ouattara in any other paragraph of the Complaint. For example, Plaintiffs do not allege that they were recruited by Outtara, that Outtara sent them relevant advertisements, or that Outtara directed or managed Liyeplimal's activities. Moreover, Plaintiffs do not state that

---

[3] Ouattara has not been served, did not file a motion to dismiss, and did not file a letter stating that he joined in Fami-Etetmen's motion to dismiss.

Outtara participated in the Liyeplimal referral program or received compensation from Liyeplimal in the affidavits submitted in opposition to the Moving Defendants' motions.

Plaintiffs also generally allege that Liyeplimal and Defendant Simtrex Commercial Brokers LLC ("Simtrex") transact business in New Jersey, *id.* ¶¶ 35-36, and argue that wrongful conduct occurred in New Jersey, Fami-Etetmen Opp. at 7. But again, outside of Plaintiff's general allegations that Liyeplimal and Simtrex transact business within the state, nothing in the Complaint or Plaintiffs' opposition briefs and affidavits support these statements. Critically, no Plaintiff resides in New Jersey and Plaintiffs do not plead that they were in any way involved with Outtara. Although Ouattara may inhabit or could be found in New Jersey, Plaintiffs fail to plausibly tie him to any of the alleged wrongful conduct. Moreover, Plaintiffs do not allege that any Defendant transacted business in New Jersey or that an alleged Exchange Act violation occurred in New Jersey due to any Defendants' conduct.[4] Therefore, venue is not proper pursuant to 15 U.S.C. § 78aa(a).

Venue is also improper under the general venue provision. 28 U.S.C. § 1391(b) provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[4] Simtrex is "an unused cryptocurrency exchange." Compl. ¶ 170. Given Plaintiffs' allegation that Simtrex is unused, the Court does not understand Plaintiffs' position that Simtrex could provide a connection to New Jersey.

28 U.S.C. § 1391(b)(1)-(3).  If a case falls into at least one of the Section 1391(b) categories, venue is proper.  *Atl. Marine Constr. Co. v. W.D. Tex.*, 571 U.S. 49, 55 (2013).  Again, a single Defendant (arguably) resides in New Jersey.  Consequently, venue is not appropriate under subsection (1).  Further, as discussed, Plaintiffs fail to allege that any relevant events occurred in New Jersey.  Subsection (2), therefore, is not applicable.  Finally, nothing in the record demonstrates that venue cannot lie elsewhere, such that this Court should determine that venue is appropriate under subsection (3).

Ordinarily, the Court would transfer a case filed in the wrong venue to a proper venue.  "Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities.'"  *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).  But Plaintiffs do not identify any injustice or inconvenience that will result from a dismissal.  In addition, Plaintiffs fail to establish that any wrongful conduct occurred or impacted New Jersey, or plausibly allege that a Defendant associated with the alleged wrongdoing can be found in New Jersey.  In fact, given Plaintiffs' vague allegations as to where the alleged wrongful conduct did occur, and the fact Plaintiffs and Defendants are located throughout the world, the Court cannot ascertain an appropriate venue.  Thus, given the Court's discretion in deciding whether to dismiss or transfer a matter, *see Konica Minolta, Inc.*, 2015 WL 9308252, at *5, the Court will dismiss this matter without prejudice.[5]   Plaintiff are provided leave to file an amended complaint that establishes venue in New Jersey, or they can re-file in an appropriate district.

---

[5] Because the Court is dismissing this matter, it will not address the Moving Defendants' remaining arguments for dismissal.

**III.     CONCLUSION**

For the reasons stated above, and for good cause shown, the Moving Defendants' motions to dismiss (D.E. 8, 12, 13, 19) are **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(2).  An appropriate Order accompanies this Opinion.

Dated: May 17, 2023

_____
John Michael Vazquez, U.S.D.J.